UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22 CR 21 |
| | ) | |
| LEVAR TYMS | ) | |

**OPINION and ORDER**

In March 2022, an automated license plate reader informed Gary police that a vehicle driven by defendant was stolen. After officers activated their emergency lights, defendant failed to stop the car and a high-speed chase ensued. Ultimately, officers rammed defendant's vehicle into a ditch on the I-80/94 expressway, and defendant was apprehended. A Glock .45 caliber handgun, modified to fire automatically, was found in the car, and defendant was later charged with firearm offenses. (DE # 1.) Defendant has filed a motion to suppress, contending that the high-speed chase was unreasonable, warranting suppression of the gun and statements he made to police upon apprehension. (DE # 31.)

Defendant contends that high-speed chases are unwise, dangerous, and illegal, and he supplies research and empirical data to support his argument on the controversial subject. (*Id.* at 2-6.) However, the court need not dive into these waters in the context of the present motion to suppress. Whether or not the high-speed chase in this case or high-speed chases in general are reasonable under the Fourth Amendment, "the fact that a Fourth Amendment violation occurred . . . does not necessarily mean that the exclusionary rule applies." *Herring v. United States,* 129 S. Ct. 695, 700 (2009).

The Seventh Circuit has noted that many cases exist where, "although the police have every right to conduct a search or arrest a person or seize property, the manner in which they do so violates the Fourth Amendment." *United States v. Watson,* 558 F.3d 702, 704 (7th Cir. 2009). Nonetheless, the Seventh Circuit explained, the exclusionary rule is not triggered in such cases if the conduct in question is collateral to an otherwise legal search or seizure. *Id.* at 705. Thus, if an officer uses excessive force or fails to properly knock-and-announce during an otherwise legal seizure, the Fourth Amendment violation will not result in suppression of the evidence seized. *Id.* at 704-05.

Critical to determining whether the exclusionary rule applies to a particular constitutional violation is an assessment of the interest protected by the constitutional guarantee. *Hudson v. Michigan,* 547 U.S. 586, 593 (2006). If the interest would not be served by suppression of the evidence obtained, then the exclusionary rule does not apply. *Id.* As the Supreme Court explained in *Hudson,* a knock-and-announce rule is not intended to protect an individual's interest in preventing the government from seeing or taking evidence described in a warrant; rather the rule is directed at "the protection of human life and limb, because an unannounced entry may provoke violence in supposed self-defense by the surprised resident." *Id.* at 594. Since the interests that are violated when an officer fails to knock-and-announce have nothing to do with the interests of the defendant in preventing the discovery or seizure of his person or property, the exclusionary rule is inapplicable. *Id.*

The same is true for high-speed chases. As defendant himself thoroughly explained in his brief, the risks of such pursuits are to human life and limb, belonging not only to occupants of the vehicles involved but also to members of the community at large. Thus, even if high-speed chases violate constitutional protections (and, for clarity's sake, the court does not conclude that they do), the interest involved (the protection of human life and limb) is unrelated to an individual's interest in preventing the government from seeing or taking objects from inside his vehicle. Like a knock-and-announce violation or the use of excessive force during an arrest, the fact that a pursuit was made at high speeds is collateral to a subsequent seizure. Accordingly, the exclusionary rule does not apply and suppression of evidence is not an available remedy.

For the foregoing reasons, defendant's motion to suppress (DE # 31) is **DENIED.**

**SO ORDERED.**

Date: November 10, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT